**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

MARK RISHELL AND DIANA RISHELL,

**Plaintiffs,**

v.

MEDICAL CARD SYSTEM, INC.

**Defendant.**

**Civil No.** 12-1249 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Medical Card System, Inc.'s (MCS) motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 14.) Having considered MCS' motion to dismiss, the plaintiffs' opposition, (Docket No. 39), and the defendant's reply, (Docket No. 53), the Court **GRANTS** defendant MCS' motion to dismiss for the reasons discussed below.

**I.   BACKGROUND**

   **A.   Procedural History**

On April 13, 2012, plaintiff Mark Rishell ("plaintiff Rishell") and plaintiff Diana Rishell ("plaintiff Diana Rishell") (collectively "plaintiffs"), filed a complaint seeking to enforce a bylaw requiring defendant MCS to prepay plaintiff Rishell's attorney's fees. (Docket No. 1.) Plaintiff Rishell filed claims for breach of bylaws and breach of an employment agreement, as well

as a request for declaratory judgment and a claim for fees on fees pursuant to MCS' bylaws.  Id.  Plaintiff Diana Rishell is seeking tort damages pursuant to Article 1802 of the Puerto Rico Civil Code.  Id.  Plaintiffs invoke subject-matter jurisdiction over these Puerto Rico claims pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between the defendant (MCS is a Puerto Rico corporation) and the plaintiffs (Mark and Diana Rishell are residents of Florida).  (Docket No. 1 at p. 2.)

On June 8, 2012, defendant MCS filed a motion to dismiss pursuant to Rule 12(b)(6).  (Docket No. 14.)  On July 12, 2012, plaintiffs filed an opposition.  (Docket No. 39.)  On July 30, 2012, MCS replied.  (Docket No. 53.)

   **B.   Factual Background**

In 2007, defendant MCS employed plaintiff Rishell as its Chief Financial Officer, and it subsequently promoted him to Chief Executive Officer.  (Docket No. 1 at p. 2.)  Around October 2011, the U.S. Department of Health & Human Services and the U.S. Attorney's Office for the District of Puerto Rico began investigating defendant MCS.  Id. at p. 3.  They targeted only a few officers, including plaintiff Rishell, in their investigation. Id.

As part of plaintiff Rishell's employment agreement, defendant MCS agreed to maintain indemnification provisions in its bylaws that were "no less favorable than those in effect as of the effective date of [the contract]." (Docket No. 1-1 at p. 6 sec. 12.) The relevant provision of the bylaw covering indemnification states:

> The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law also as it presently exists or may hereafter be amended, any person who was or is made or is threatened to be made a party or who is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "proceeding") by reason of the fact that he, or a person for whom he or she is the legal representative, is or was a director or officer of the Corporation or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such person, but only if such person acted in good faith and in a manner which he or she reasonably believed was in the best interests of the Corporation; or not opposed to such interests and, with respect to any criminal action or proceeding, such person did not have reasonable cause to believe that his or her conduct was illegal. The Corporation shall be required to indemnify a person in connection with a proceeding (or part thereof) initiated by such person only if the proceeding (or part thereof) was authorized by the Board of Directors of the Corporation, but only if such

> person acted in good faith and in a manner
> which he or she reasonably believed was in the
> best interests of the Corporation, or not
> opposed to such interests.

(Docket No. 1-2 at p. E-8 sec. 6.1.)

Additionally, the bylaws contain a section providing for prepayment of legal expenses, the applicability of which is disputed in this case, which states:

> The Corporation shall pay the expenses
> (including attorneys' fees) incurred in
> defending any proceeding in advance of its
> final disposition, provided, however, that the
> payment of expenses incurred by a director or
> officer in advance of the final disposition of
> the proceeding shall be made only upon receipt
> of an undertaking by the director or officer
> to repay all amounts advanced if it should
> ultimately be determined that the director or
> officer is not entitled to be indemnified
> under this Article or otherwise.  Id.

Shortly after the investigation began, defendant MCS negotiated with Attorney Francisco Rebollo-Casalduc ("Mr. Rebollo") for him to represent plaintiff Rishell during the investigation. (Docket No. 1 at p. 3.)  In December 2011, defendant MCS terminated plaintiff Rishell from his position as Chief Executive Officer of the company.  Id. at p. 2.  Subsequently, in February 2012, plaintiff Rishell also retained the law firm Black, Srebnick, Kornspan & Stumpf, P.A., ("BSK&S"), following Mr. Rebollo's recommendation.  Id. at p. 3.  BSK&S required a non-refundable $500,000 fee and initial cost deposit of $25,000 in order to

represent plaintiff Rishell during the investigation. (Docket
No. 1-3 at p. 2.)  For the attorneys' hourly fees beyond the
initial $500,000 retainer, Attorney Roy Black would bill at a
discounted hourly rate of $1,190, and other named attorneys would
bill at $725, $595, $595, and $440 an hour.  Id.  Various
unidentified attorneys would bill at an hourly fee of $280-$800,
and there are a wide range of other fees that would be charged for
support staff and additional services.  Id.  A new fee arrangement
would be required if plaintiff Rishell were to be indicted.  Id. at
p. 1.  Plaintiff Rishell then sent a letter to defendant MCS
through his counsel informing it that he had retained BSK&S.  (Id.
at pp. 3-4; Docket No. 1-3.)  He asked defendant MCS to pay the
retainer and deposit, and he promised to repay later the
advancements if he was found ineligible for indemnification.  Id.

        Defendant MCS allegedly refused to pay the retainer and
deposit, or any other expense connected with BSK&S.  (Docket No. 1
at p. 4.)  In addition to plaintiff Rishell's promise to repay the
advance if he was not eligible for indemnification, defendant MCS
required plaintiff Rishell to sign an "Undertaking and Cooperation
Agreement" that compelled both parties to cooperate with an
indemnification claim.  (Id.; Docket No. 1-4.)  Plaintiff Rishell
refused to sign the agreement, and defendant MCS stopped paying the

advancement of fees for Mr. Rebollo's representation. (Docket No. 1 at pp. 4, 6.)

Plaintiff Rishell alleges that defendant MCS' failure to prepay BSK&S' fees or to continue to pay for Mr. Rebollo's representation is a breach of plaintiff Rishell's employment contract and MCS' bylaws. <u>Id.</u> at pp. 5-7. Plaintiffs also allege that the failure to pay is causing "significant economic, emotional and psychological" damage to both plaintiffs. <u>Id.</u> at p. 5.

## II. LEGAL STANDARD

Rule 12(b)(6) permits the Court to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). When assessing whether a plaintiff's complaint provides "fair notice to the defendants" and states "a facially plausible legal claim," the Court must utilize a two-pronged approach. <u>See</u> <u>Ocasio-Hernandez v. Fortuño-Burset</u>, 640 F.3d 1, 11-12 (1st Cir. 2011). First, the Court can disregard statements that "offer legal conclusions couched as fact," because the plaintiff must do more than "parrot the elements of the cause of action." <u>Id.</u> at 12. Second, the Court is bound to treat all "properly pled factual allegations" as true and draw all reasonable inferences in the plaintiff's favor. <u>Id.</u>

Pursuant to Rule 12(b)(6), a court must base its determination solely on the material submitted as part of the complaint or

central to it.  Fudge v. Penthouse Int'l. Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988).  Generally, "a court may not consider documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment."  Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).  "When . . . a complaint's factual allegations are expressly linked to - and admittedly dependent upon - a document (the authenticity of which is not challenged), [however,] that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."  Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) (internal citation omitted).  This is especially true where the plaintiff has "actual notice . . . and has relied upon these documents in framing the complaint." Watterson v. Page, 987 F.2d 1, 4 (1st Cir. 1993).

     The factual material pled must be sufficient "to raise a right to relief above the speculative level," and to permit the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ocasio-Hernandez, 640 F.3d at 12 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The Supreme Court has held  that a plaintiff's pleading must cross "the line between possibility and plausibility."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 577 (2007).  A district court should not attempt to

forecast the likelihood of success even if proving the alleged facts is "improbable." Id. at 556.  A complaint that contains a plausible basis for relief, therefore, "may proceed even if it appears that a recovery is very remote and unlikely." Id. at 556 (internal citation omitted).  The Court draws "on its judicial experience and common sense" in evaluating the complaint's plausibility. Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012) (internal citation omitted).

## III. DISCUSSION

### A.   Plaintiff Rishell's Claim that Defendant MCS Breached its Bylaws

#### 1.   Plain Meaning of the Bylaws

Defendant MCS contends that it did not breach its bylaws with respect to plaintiff Rishell's prepayment of legal fees because the bylaws do not require it to advance fees for former directors or officers and because plaintiff Rishell's request for advancement of legal fees is unreasonable.  (Docket No. 14 at pp. 4-13.)  In Puerto Rico, when an employment agreement references the company's bylaws, they are considered part of the contract. See Sellosse v. Fund. Educ. Ana G. Mendez, 22 P.R. Offic. Trans. 498, 513-14 (1988).  Plaintiff Rishell's employment contract explicitly states that defendant MCS would maintain indemnification provisions in its bylaws that were at least as good as the ones in

place on the effective date of the contract.  (Docket No. 1-1 at
p. 6 sec. 12.)  Thus, the Court's examination of whether defendant
MCS breached its bylaws will be examined under Puerto Rico law
governing breach of contract.

        "To properly assert a claim for breach of contract,
a party must sufficiently allege (1) a valid contract, (2) a breach
of that contract, and (3) resulting damages.  First Med. Health
Plan, Inc. v. CaremarkPCS Caribbean, Inc., 681 F.Supp.2d 111, 116
(D.P.R. 2010).  Neither party disputes that the bylaws became a
part of the valid employment contract.  See Docket Nos. 1, 14.  The
parties do dispute, however, the language of the bylaw governing
prepayment of legal expenses and whether or not defendant MCS
breached the bylaws when it refused to prepay additional legal
fees.

        First, defendant MCS argues that the bylaws were not
breached because the language of the bylaws requires it to prepay
legal expenses for current officers and directors, but not for
former officers or directors.   (Docket No. 14 at pp. 4-6.)
Plaintiff Rishell contends that because the section of the bylaws
governing indemnification applies to former officers and directors,
the section governing prepayment of legal fees must apply to former
officers and directors as well.  (Docket No. 39 at pp. 8-11.)
Section 6.1 of the MCS bylaws governing indemnification

specifically states that MCS will provide indemnification for anyone who "is or was a director or officer of the corporation or is or was serving at the request of the Corporation . . ." against proceedings resulting from his or her service to the corporation. (Docket No. 1-2 at p. E-8.)   Section 6.2 of the bylaws, which references the prepayment of expenses, however, only states that "that the prepayment of expenses incurred by a director or officer in advance of the final disposition of the proceeding" will be paid.  Id.  It says nothing about former director officers.

Puerto Rico law requires enforcing the literal meaning of the contract when the terms are unambiguous.  P.R. Laws Ann. tit. 31, § 3471; see Entact Servs., LLC v. Rimco, Inc., 526 F.Supp.2d 213, 221 (D.P.R. 2007).  A contract is unambiguous when it can "be understood in one sense alone, without leaving any room for doubt, controversies or difference[s] of interpretation . . ." Executive Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 69 (1st Cir. 1995) (quoting Catullo v. Metzner, 834 F.2d 1075, 1079 (1st Cir. 1987)).  When construing a contract in Puerto Rico, the stipulations "should be interpreted in relation to one another, giving to those that are doubtful the meaning which may appear from the consideration of all of them together."  P.R. Laws. Ann. tit. 31, § 3475; Entact Servs., LLC, 526 F.Supp.2d at 221-22 (D.P.R. 2007) (interpreting a car rental contract statement on payment

based on the other clauses in the contract).  The Puerto Rico Law of Corporations is modeled after the Delaware Law of Corporations; therefore, this Court will look to Delaware law for guidance when addressing the parties' arguments.  See Marquis Theatre Corp. v. Condado Mini Cinema, 846 F.2d 86, 91 (1st Cir. 1988) (looking to Delaware law to interpret Puerto Rico law governing the business judgment rule); Wiley v. Stipes, 595 F.Supp.2d 179, 185 (D.P.R. 2005) (looking to Delaware law to interpret Puerto Rico law governing demand futility in a shareholder derivative action).

By examining the contract as a whole, the Court determines that the bylaws unambiguously provide **indemnification** to current and former directors and officers of defendant MCS, but provide **prepayment of expenses** only to current directors or officers.  Indemnification is a legal right separate from the right to advancement of legal expenses.  Advanced Min. Sys., Inc. v. Fricke, 623 A.2d 82, 84 (Del. Ch. 1992).  The section of the bylaws addressing indemnification specifically included language expressing that indemnification applied to former, as well as current, directors and officers of defendant MCS.  The separate provision covering prepayment of expenses states that it applies to "the payment of expenses incurred by a director or officer." (Docket No. 1-2 at p. E-8 sec. 6.2.)  Defendant MCS considered whether to extend these benefits to former directors and officers

because it chose to do so with respect to indemnification. The Court finds that the bylaws unambiguously apply prepayment of expenses only to current directors or officers. See Schoon v. Troy Corp., 948 A.2d 1157, 1167 (Del. Ch. 2008) (holding that when an indemnification provision that is applicable to former directors is clearly separated from an advancement provision, it does not follow that former directors are entitled to advancement). In Homestore Inc. v. Tafeen, the Delaware Supreme Court noted that the advancement of fees was mandatory because Homestore's bylaws required that "[t]he Corporation shall pay all expenses (including attorney's fees) incurred by *such* a director or officer in defending any such Proceeding as they are incurred in advance. . ." 888 A.2d 204, 212-13 (Del. 2005) (emphasis added). The word "such" clearly refers the advancement provision back to the previous section of the bylaws governing indemnification, which stated that indemnification would be provided to "[e]ach person who *was or is* . . . involved in any action, suit or proceeding . . . by reason of the fact that such person . . . *is or was* a director or officer. Id. at 212 (emphasis added). Defendant MCS did not include any reference in the prepayment provision referring back to the former officers and directors who are covered in the indemnification provision. (Docket No. 1-2.); see also Weinstock v. Lazard Debt Recovery GP, No. Civ.A. 20048, 2003 WL 21843254, at *1-*4 (Del. Ch.

2003) (holding that advancement of legal fees applied to former directors because the provision referred back to the indemnification provision when it stated that expenses would be paid in advance for "*such* Indemnified Party," which clearly referred to all people eligible for indemnification) (emphasis added).  Thus, the Court finds that defendant MCS did not breach the bylaws when it declined to advance expenses for BSK&S.

Defendant MCS also argues that it is not required to continue advancing fees to pay for Mr. Rebollo's representation because it is allowed to attach conditions to the payment at the time of payment or ratification.  (Docket No. 14 at pp. 6-10.) Defendant MCS' bylaws requires prepayment of legal fees for a current director or officer, conditioned on "receipt of an undertaking by the director or officer to repay all amounts advanced if it should ultimately be determined that the director or officer is not entitled to be indemnified under this Article or otherwise."  (Docket No. 1-2 at p. E-8, sec. 6.2.)  Additionally, Puerto Rico corporate law provides that when funding the advancement of legal fees, "[t]he expenses incurred by other directors, officers and other employees or agents may be paid in this manner, pursuant to the terms and conditions which the board of directors deems convenient."  P.R. Laws Ann. tit. 14, § 3568(e). Once advance payment has been made, the payment "must continue for

Civil No. 12-1249 (FAB)                                          14

those persons who ceased holding office as director, officer,
employee or agent . . . except otherwise provided when the
compensation or payment advance is authorized or ratified." Id. at
tit. 14, §3568(j).

        Plaintiff Rishell counters that because defendant
MCS prepaid some fees while he was a current director, it is
required to continue to advance all fees until "final disposition"
of the investigation. (Docket No. 12 at pp. 10-12.) Although
defendant MCS prepaid some of Mr. Rebollo's fees, plaintiff Rishell
never signed an undertaking promising repayment of the advancement
of fees for Mr. Rebollo's representation. (Docket No. 1 at p. 4;
Docket No. 1-3.) Because plaintiff Rishell failed to complete an
undertaking, the advancement of legal fees did not occur in
compliance with defendant MCS' bylaws. Additionally, Puerto Rico
law provides defendant MCS with the ability to prepay a director's
legal expenses, but also requires the director to promise to repay
the funds if it is determined that he or she is not entitled to
indemnification. See P.R. Laws Ann. tit. 14, § 3568. It also
permits defendant MCS to impose additional conditions on the
receipt of those funds. Id. Defendant MCS is not required by
either the bylaws or Puerto Rico law to continue to prepay
plaintiff Rishell's legal fees in light of his refusal to sign the
undertaking. See Happ v. Corning, 466 F.3d 41, 45-46 (1st Cir.

2006) (holding that requiring a former director of a corporation to sign an undertaking before advancing funds for legal expenses did not constitute duress). Thus, the Court finds that defendant did not breach its by laws when it stopped advancing fees to Mr. Rebollo.

Accordingly, plaintiff Rishell's claim that defendant MCS breached its bylaws is **DISMISSED WITH PREJUDICE.**

### 2.    Reasonableness of Prepayment of Expenses

Even if the prepayment of legal fees applies to former directors, defendant MCS alternatively argues that plaintiff Rishell's advancement request for BSK&S' representation is unreasonable. (Docket No. 14 at pp. 10-13.) "[A]ll contracts for advancement and indemnification are subject to an implied reasonableness term." Reddy v. Elec. Data Sys. Corp., No.CIV.A.19467, 2002 WL 1358761, at *5 (Del. Ch. 2002) (citing Citadel Holding Corp. v. Roven, 603 A.2d 818, 823 (Del. 2002). The indemnification provision will cover "all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by" the current or former director. (Docket No. 1-2 at p. E-8 sec. 6.1.) Plaintiff Rishell contends that because the advancement provision does not expressly state that the prepayment of fees is limited to reasonable expenses, the prepayment does not have to be reasonable. (Docket No. 39 at pp. 11-12.) The

prepayment of fees, however, is meant to advance the costs that would be covered in any indemnification. Because the indemnification has a reasonableness standard, the prepayment of expenses must be reasonable as well. See Reddy, 2002 WL 1358761 at *5; see also Citadel Holding Corp., 603 A.2d at 824 (holding that a corporation was not required to advance unreasonable expenses when the indemnification clause in the contract and Delaware law both have a reasonableness standard for indemnification expenses).

Plaintiff Rishell is not entitled to these fees because he fails to advance any argument that the fees he requests to cover BSK&S' representation are reasonable. (See Docket No. 39.) Plaintiff Rishell is requesting defendant MCS to pay for a second group of legal representatives, with lawyers charging up to $1,190 an hour. (Docket No. 1-3 at p. 2.) This amount far exceeds what is considered a reasonable attorney fee. The reasonableness of an attorney's hourly rate is usually measured against what is typical in the local community, with allowances for increases for out-of-town specialists performing work that local attorneys are unable to do. Maceira v. Pagan, 698 F.2d 38, 40 (1st Cir. 1983). Plaintiff Rishell does not complain that Mr. Rebollo was unable to perform adequately and indicates his intention to continue benefitting from his representation. Because Mr. Rebollo,

a local attorney, is able to perform the necessary work, the reasonableness of BSK&S' fees should be measured by what is normal in the local community. See id. Recently, Puerto Rico has lowered requested attorney's fees to $225 an hour for out of court work and $250 an hour for in court work based on the market rate in the district. Crispin-Taveras v. Municipality of Carolina, No. 07-2017, 2012 WL 967413, at *3, *5 (D.P.R. 2012) (awarding legal fees for the prevailing lawyers in a 42 U.S.C. § 1983 case at reduced rates and decreased hours because it was unnecessary to have three lawyers on a "relatively simple police brutality case."); see also Guillemard-Ginorio v. Contreras, 603 F.Supp.2d 301, 313-14, 316 (D.P.R. 2009) (finding that an hourly rate of $330 for out-of-court work and $350 for in-court work was reasonable for an extremely experienced Boston attorney appearing in an especially difficult political discrimination case and noting that fees for paralegals are generally capped at $50 an hour in Puerto Rico). All of the named lawyers at BSK&S who will represent plaintiff Rishell bill at well above $350 an hour. (Docket No. 1-3 at p. 2.) BSK&S' paralegals and other para-professionals bill at between $185-$225 an hour, which is well above the Puerto Rico standard of $50 an hour. See id. Additionally, the initial payment of $500,000 is non-refundable, and BSK&S may not have to complete much work to earn this fee if the investigation ceases quickly or if plaintiff

Rishell is indicted quickly, given that this contract between plaintiff Rishell and BSK&S only covers work connected to the investigation. See Docket No. 1-2. Thus, the request for advancement of attorney's fees to pay for BSK&S' representation is unreasonable. The Court **DISMISSES WITH PREJUDICE** plaintiff Rishell's breach of bylaw claim for defendant MCS' refusal to prepay for BSK&S' representation of plaintiff Rishell.

**B.   Plaintiff Rishell's Breach of Employment Contract Claim**

Additionally, plaintiff Rishell brings a breach of contract claim against defendant MCS for failing to provide plaintiff Rishell the indemnification and advancement benefits that were in place at the time of the formation of his employment agreement. (Docket No. 1 at pp. 6-7.) As stated earlier, "[t]o properly assert a claim for breach of contract, a party must sufficiently allege (1) a valid contract, (2) breach of that contract, and (3) resulting damages. First Med. Health Plan, Inc., 681 F.Supp.2d at 116. The fact that defendant MCS and plaintiff Rishell made the bylaws part of a valid employment contract is not in dispute. See Docket Nos. 1, 14. The Court has found, however, that the claim that defendant MCS breached its bylaws fails to withstand the motion to dismiss. Therefore, plaintiff Rishell breach of contract claim must fail. Plaintiff Rishell's complaint lacks any other theory for breach of the employment contract, so

this claim must fail too.  <u>See</u> Docket No. 1.  Therefore, the Court **DISMISSES WITH PREJUDICE** plaintiff Rishell's breach of contract claim.

### C.    Plaintiff Diana Rishell's Tort Claim

Plaintiff Diana Rishell brings a tort claim against defendant MCS pursuant to Article 1802 of the Puerto Rico Civil Code to recover her own damages resulting from defendant MCS' breach of her husband's contract.  (Docket No. 1 at p. 7.) Defendant MCS argues that because it does not owe plaintiff Diana Rishell any legal duty, her tort claim must fail.  (Docket No. 14 at pp. 14-17.)  "The concept of tortious act in [Puerto Rico] is all-embracing."  <u>Santini Rivera v. Serv. Air, Inc.</u>, 1994 P.R.-Eng. 909, 527 (1994).  The Puerto Rico Supreme Court stated that "in our legal system compensation for suffering and mental anguish is proper in actions for breach of contract."[1]  Docket No. 20-2 at p. 8; <u>see also</u> <u>Muñiz-Olivari v. Stiefel Labs., Inc.</u>, 174 D.P.R. 813 (2008).  Thus, plaintiff Rishell could recover damages for pain and suffering under his breach of contract claim if he had established

---

[1] In <u>Muñiz-Olivari v. Stiefel Labs., Inc.</u>, the federal court submitted questions to the Puerto Rico Supreme Court through interjurisdictional certification to clarify this exact issue.  The Puerto Rico Supreme Court responded that damages for suffering and mental anguish can be sought pursuant to a breach of contract claim and that a non-party to the contract who the breach directly affects can also seek damages.  Defendant MCS submitted a certified translation of the opinion to this Court in compliance with Local Rule 5(g).

a valid claim.  MCS argues that this right to recovery should not extend to plaintiff Diana Rishell.  (Docket No. 14 at pp. 14-17.) The Puerto Rico Supreme Court stated that "there is nothing to prevent that third party, who is an outsider in the contractual relationship from which the damages claim arises, from claiming compensation for his own damages pursuant to article 1802 of the Civil Code."  (Docket No. 20-2 at p. 11.)  Thus, plaintiff Diana Rishell may claim damages pursuant to section 1802 of the Puerto Rico Civil Code.

    To establish a claim under section 1802 of the Puerto Rico Civil Code, plaintiff Diana Rishell must plausibly allege that: (1) she has "suffered a compensable moral (emotional) harm;" (2) MCS' tortious conduct in breaching its contract with plaintiff Rishell is responsible for the harm; and, (3) MCS "committed a tortious act pursuant to the all-embracing definition we give tortious actions in [Puerto Rico]." Santini Rivera, 1994 P.R.-Eng. 909, 527; see also P.R. Laws Ann. tit. 31, § 5141.  As discussed above, the plaintiffs' complaint fails to plausibly allege that defendant MCS breached plaintiff Rishell's employment contract. Plaintiff Diana Rishell's claim under section 1802 must also fail because without an allegation of a breach of contract, there is no valid allegation of tortious conduct.  Her tort claim pends on Rishell's breach of contract claim.  Thus, the Court **DISMISSES WITH**

**PREJUDICE** plaintiff Diana Rishell's tort claim under section 1802 of the Civil Code.

### D.   Plaintiff Rishell's Request for Declaratory Judgment

Plaintiff Rishell also requests this Court to issue a declaratory judgment that he should be advanced fees to pay for BSK&S' representation. (Docket No. 1 at pp. 7-8.) The Declaratory Judgment Act gives federal courts jurisdiction to issue declaratory judgments. 28 U.S.C. § 2201. It "confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 227, 287 (1995). It "created no new rights, but rather created a new remedy with which to adjudicate existing rights." Universal Ins. Co. v. Office of Ins. Com'r., No. 12-1639, 2012 WL 4894668, at *4 (D.P.R. 2012) (quoting Bourazak v. North River Ins. Co., 379 F.2d 530, 533 (7th Cir. 1967)). District courts have significant discretion when deciding if declaratory judgment is appropriate. DeNovellis v. Shelala, 124 F.3d 298, 312-14 (1st Cir. 1997). In this case, declaratory judgment is inappropriate because the plaintiffs fail to state a claim upon which relief can be granted. Accordingly, the Court **DECLINES** to issue a declaratory judgment.

### E.   Plaintiff Rishell's Claim for Fees on Fees

Finally, plaintiff Rishell requests an award of fees on fees for the cost of filing and pursuing this action. (Docket No. 1 at p. 8.) Section 6.3 of MCS' bylaws states that:

> If a claim for indemnification or payment of expenses under this Article is not paid in full within sixty (60) days after a written claim therefor has been received by the Corporation, the claimant may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In any such action the Corporation shall have the burden of proving that the claimant was not entitled to the requested indemnification or payment of expenses under applicable law.

(Docket No. 1-2 at p. E-8 sec. 6.3.) Defendant MCS requests that this claim be dismissed because it is dependent on a successful claim for breach of bylaws. (Docket No. 14 at p. 13-14.) Defendant MCS was successful in "proving that the claimant was not entitled to the requested . . . payment of expenses under applicable law." See Docket No. 1-2 at p. E-8 sec. 6.3. Accordingly, the Court **DISMISSES WITH PREJUDICE** plaintiff Rishell's claim for fees on fees.

## IV.   CONCLUSION

For the reasons expressed above, the Court **GRANTS** defendant's motion to dismiss for failure to state a claim. Accordingly, all of plaintiff Rishell's and plaintiff Diana Rishell's claims against

defendant MCS are **DISMISSED WITH PREJUDICE.**  This case is **DISMISSED**

in its entirety.  Judgment shall be entered accordingly.

  **IT IS SO ORDERED.**

 San Juan, Puerto Rico, February 28, 2013.

          s/ Francisco A. Besosa
          FRANCISCO A. BESOSA
          UNITED STATES DISTRICT JUDGE